# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-851V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| JAMES STEPP, | * | |
| | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: January 2, 2018 |
| | * | |
| v. | * | Interim Attorney's Fees and |
| | * | Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner,

*Mallori Openchowski,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 15, 2014, James Stepp filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that as a result of receiving the influenza vaccine on September 23, 2011, he developed transverse myelitis. *See* Petition at 19, filed Sept. 15, 2014 (ECF No. 1). On September 28, 2017, a hearing was held in the matter in Washington, DC. A decision or ruling on this case remains pending.

---

[1] Although I have not designated this decision for publication, because it contains a reasoned explanation for my actions in this case, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner now requests an interim award of attorney's fees and costs in the total amount of $119,694.85 ($84,505.45 in attorney's fees, plus $35,189.40 in costs). *See* Petitioner's Application for Award of Interim Attorney's Fees and Reimbursement of Costs, dated Dec. 14, 2017 (ECF No. 49) ("Fees App."). Respondent has filed a document offering no particular objections to the interim fees request, and otherwise deferring to my discretion in determining if an interim fees award is warranted at this juncture. *See* Response to Fee App., dated Dec. 21, 2017 (ECF No. 50). I hereby **GRANT** Petitioner's Motion, awarding at this time interim fees and costs of **$119,694.85**.

### FEES REQUEST

Petitioner's fee application includes attorney billing records that indicate that the work performed in this case to has been divided among several Homer Firm attorneys—Mr. Pepper, Ms. Ciampolilo, Ms. Daniels, Mr. Conway, and Mr. Homer—plus some Homer Firm paralegals and law clerks. *See generally,* Fees App., Tab B. The Homer Firm began working on the case two years before it was filed. That time appears to have been well spent, as I was able to issue a subpoena shortly after the case began and the statement of completion was filed a few months later. Shortly thereafter, Respondent filed his Rule 4(c) Report, and the parties began to file expert reports, which took an additional year. It was ultimately determined that the case would require an entitlement hearing, which was held as scheduled on September 28, 2017, in Washington, DC.

Petitioner's Fees Application requests compensation for the Homer Firm, in the total sum of $84,505.45, for work performed from June 2012 to December 2017, at hourly rates of $148.50-$297 for Mr. Pepper, $213-$307 for Ms. Ciampolilo, $280-$286 for Ms. Daniels, $353-$419 for Messrs. Homer and Conway, $143-$148 for law clerks, and $110-$138 for the paralegals. Fees App., Tab A. Petitioner also seeks to recover $35,189.40 in costs, including the initial filing fee and document collection, photocopying costs, and expert costs for Dr. Norman Latov ($500/hour). Fees App., Tab B.

### ANALYSIS

I.    **Propriety of Interim Award Generally in This Case.**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human*

*Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. (I do note, however, that in this case Petitioner's entitlement claim succeeded).

Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all three of the criteria. It has been pending for over two years (plus two years before the case was filed), and fees are only being requested now, after the matter's trial. The total amount of attorney's and expert fees requested also exceed the minimum threshold that I find to be appropriate. While I do not always find an interim fees award appropriate, this case merits an interim award.

**II.     Evaluation of Amounts Requested for Petitioner's Attorneys and Costs**

I have determined in prior cases that the Homer Firm is entitled to forum rates, and thus I find that the hourly rates requested are reasonable, and in accordance with the Vaccine Program forum-rate guidelines. *See Barrett v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689, at *8 (Fed. Cl. Spec. Mstr. May 13, 2014). I also award all time billed to the matter by the Homer Firm. Based on a general review of the timesheets submitted, it appears the tasks performed on the case to date were reasonable.

I will similarly award all categories of costs requested herein as invoiced by the Homer firm. Petitioner's expert, Dr. Latov, billed at an hourly rate of $500, which is at the high end of the rate range paid to experts. However, this rate has been awarded to him by other special masters, and I find that his testimony was useful and necessary for the resolution of the case. *See e.g., Floyd v. Sec'y of Health & Human Servs.,* No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). The copying, filing, and other litigation-related costs are also reasonable, unopposed in substance by Respondent, and thus included in my award.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and Costs, as follows below.

I therefore award a total of **$119,694.85** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.