# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-851V
**(Not to be published)**

```
*************************
                           *    Special Master Corcoran
J.S.,                      *
                           *
            Petitioner,    *    Filed: September 24, 2019
                           *
      v.                   *
                           *    Decision by Proffer; Damages; Loss of
SECRETARY OF HEALTH        *    Future Earnings; Pain and Suffering;
   AND HUMAN SERVICES,     *    Life Care Expenses
                           *
            Respondent.    *
                           *
*************************
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mallori Browne Openchowski*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 15, 2014, J.S. filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] (ECF No. 1). Petitioner alleged that he suffered from transverse myelitis as a result of the flu vaccine he received on September 23, 2011. *Id.* at 1. Petitioner later amended his claim to state that, in the alternative, receiving the flu vaccine caused a significant aggravation of an underlying neurological condition. (ECF No. 32). Respondent

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

claimed that Petitioner was not entitled to compensation in his Rule 4(c) Report filed on October 30, 2013. (ECF No. 14).

For the next several years the parties litigated this matter. They submitted expert reports, pre-hearing briefs, and an entitlement hearing was held on September 28, 2017. (ECF Nos. 19, 24, 28, 31, 33, 37, and 38). Then, on April 9, 2018, I issued a Decision on Entitlement—holding that Petitioner had established his prima facie case, and directing the parties to begin the resolving the amount of damages. (ECF No. 55).

Thereafter the parties focused on resolving damages. Respondent has now filed a proffer proposing an award of compensation. (ECF No. 84) ("Proffer"). I have reviewed the file, and based upon that review, I conclude that Respondent's Proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The Proffer proposes:

- A lump sum payment of $902,401.49, representing compensation for life care expenses expected to be incurred during the first year after judgment ($185,058.17); lost earnings ($452,407.53); pain and suffering ($250,000.00); and past unreimbursable expenses ($14,935.79), in the form of a check payable to Petitioner; and

- An amount sufficient to purchase an annuity contract, subject to the conditions described in Section II.B. of the Proffer and illustrated by the chart at Tab A of the Proffer. (ECF No. 84-1).

Proffer at 4. These amounts represent compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

███████,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 14-851V
Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

In his Ruling on Entitlement issued on April 9, 2018, the Special Master found that a preponderance of the evidence supported ███████ ("petitioner's") claim that the influenza vaccine administered to him on September 23, 2011, caused his transverse myelitis. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.  Items of Compensation**

    A.  Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of ███████ future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine-related" is as described in the Special Master's Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 9, 2018, Ruling on Entitlement.

entitled Appendix A: Items of Compensation for ▮▮▮▮, attached hereto as Tab A.[2] Respondent proffers that ▮▮▮▮ should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

B. Lost Earnings

The parties agree that based upon the evidence of record, ▮▮▮▮ has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that ▮▮▮▮ should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for ▮▮▮▮ lost earnings is $452,407.53. Petitioner agrees.

C. Pain and Suffering

Respondent proffers that ▮▮▮▮ should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $14,935.79. Petitioner agrees.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

---

[2] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

A.  A lump sum payment of $902,401.49, representing compensation for life care expenses expected to be incurred during the first year after judgment ($185,058.17), lost earnings ($452,407.53), pain and suffering ($250,000.00), and past unreimbursable expenses ($14,935.79), in the form of a check payable to petitioner, ▮▮▮▮▮▮▮.

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, ▮▮▮▮▮▮▮, only so long as ▮▮▮▮▮▮▮ is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, ▮▮▮▮▮▮▮▮, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of ▮▮▮▮▮▮▮▮ death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**     **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, ▮▮▮▮▮▮▮▮:     **$902,401.49**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        */s/Mallori B. Openchowski*
        MALLORI B. OPENCHOWSKI
        Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 305-0660

Dated:  September 23, 2019

**Appendix A: Items of Compensation for** ▇▇▇▇▇▇

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-16 | Compensation Years 17-18 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2019 | 2020 | 2021-2023 | 2024 | 2025-2028 | 2029 | 2030-2034 | 2035-2036 |
| BCBS Premium | 5% | | M | 8,510.76 | 8,510.76 | 8,510.76 | 8,510.76 | 8,510.76 | 8,510.76 | 8,510.76 | |
| BCBS Maximum out of Pocket | 5% | | | 7,350.00 | 7,350.00 | 7,350.00 | 7,350.00 | 7,350.00 | 7,350.00 | 7,350.00 | |
| Medicare Part A Premium | 5% | | M | | | | | | | | 5,244.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | 1,626.00 |
| Medigap | 5% | | M | | | | | | | | 1,741.44 |
| Medicare Part D | 5% | | M | | | | | | | | 367.02 |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Urologist | 5% | * | | | | | | | | | |
| Gastroenterologist | 5% | * | | | | | | | | | |
| Ophthalmologist | 5% | * | | | | | | | | | |
| Orthopedic | 5% | * | | | | | | | | | |
| PM&R | 5% | * | | | | | | | | | |
| Wound Clinic | 5% | * | | | | | | | | | |
| Emergency Room | 5% | * | | | | | | | | | |
| Hospitalization | 5% | * | | | | | | | | | |
| Lab | 5% | * | | | | | | | | | |
| Urinalysis | 5% | * | | | | | | | | | |
| MRI | 5% | * | | | | | | | | | |
| Renal US | 5% | * | | | | | | | | | |
| Cystoscopy | 5% | * | | | | | | | | | |
| X-rays | 5% | * | | | | | | | | | |
| Coumadin | 5% | * | | | | | | | | | |
| Vitamin C | 4% | | | 11.50 | 11.50 | 11.50 | 11.50 | 11.50 | 11.50 | 11.50 | 11.50 |
| Acetaminophen | 4% | | | 19.85 | 19.85 | 19.85 | 19.85 | 19.85 | 19.85 | 19.85 | 19.85 |
| Physical Therapy | 4% | * | | | | | | | | | 300.00 |
| Occupational Therapy | 4% | * | | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 150.00 |
| Massage Therapy | 4% | | | 540.00 | 540.00 | 540.00 | 270.00 | 270.00 | | | |
| Counselor | 4% | * | | | | | | | | | |
| Case Manager | 4% | | | 750.00 | 750.00 | 750.00 | 375.00 | 375.00 | 375.00 | 375.00 | 375.00 |
| Nutritionist | 4% | * | | | | | | | | | |

Appendix A: Items of Compensation for ▮▮▮▮▮  Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2019 | Compensation Year 2 2020 | Compensation Years 3-5 2021-2023 | Compensation Year 6 2024 | Compensation Years 7-10 2025-2028 | Compensation Year 11 2029 | Compensation Years 12-16 2030-2034 | Compensation Years 17-18 2035-2036 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bilateral Foot Protectors | 4% | | | 562.00 | 562.00 | 562.00 | 562.00 | 562.00 | 562.00 | 562.00 | 562.00 |
| Hand Bicycle | 4% | | | 99.95 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 |
| Weights | 4% | | | 209.99 | 21.00 | 21.00 | 21.00 | 21.00 | 21.00 | 21.00 | 21.00 |
| Emergency Response System | 4% | | M | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 | 419.40 |
| Electric Wheelchair | 4% | * | | | | | | | | | |
| Roho Cushion | 4% | * | | | | | | | | | |
| Standard Wheelchair | 4% | * | | | | | | | | | |
| Transfer Board | 4% | * | | | | | | | | | |
| Bedside Commode | 4% | * | | | | | | | | | |
| Shower Chair | 4% | * | | | | | | | | | |
| Electric Bed | 4% | * | | | | | | | | | |
| Air Mattress | 4% | * | | 1,239.00 | | | 1,239.00 | | 1,239.00 | | |
| Standing Trapeze | 4% | | | 1,229.00 | | | | | 1,229.00 | 122.90 | 122.90 |
| Portable Ramp | 4% | | | 469.95 | 31.33 | 31.33 | 31.33 | 31.33 | 31.33 | 31.33 | 31.33 |
| Reacher | 4% | | | 18.99 | 3.80 | 3.80 | 3.80 | 3.80 | 3.80 | 3.80 | 3.80 |
| Over the Bed Table | 4% | | | 235.00 | 39.17 | 39.17 | 39.17 | 39.17 | 39.17 | 39.17 | 39.17 |
| Catheter Supplies | 4% | * | M | | | | | | | | |
| Colostomy Supples | 4% | * | | | | | | | | | |
| Depends | 4% | | M | 593.13 | 593.13 | 593.13 | 593.13 | 593.13 | 593.13 | 593.13 | 593.13 |
| Cornstarch | 4% | | M | 48.84 | 48.84 | 48.84 | 48.84 | 48.84 | 48.84 | 48.84 | 48.84 |
| Gloves | 4% | | M | 140.53 | 140.53 | 140.53 | 140.53 | 140.53 | 140.53 | 140.53 | 140.53 |
| Surgi-lube | 4% | | M | 208.00 | 208.00 | 208.00 | 208.00 | 208.00 | 208.00 | 208.00 | 208.00 |
| Wipes | 4% | | M | 121.12 | 121.12 | 121.12 | 121.12 | 121.12 | 121.12 | 121.12 | 121.12 |
| Tape | 4% | | M | 214.77 | 214.77 | 214.77 | 214.77 | 214.77 | 214.77 | 214.77 | 214.77 |
| Betadine Swabs | 4% | | M | 423.40 | 423.40 | 423.40 | 423.40 | 423.40 | 423.40 | 423.40 | 423.40 |
| Wound Care Supplies | 4% | * | | | | | | | | | |
| Trash Bags | 4% | | M | 61.32 | 61.32 | 61.32 | 61.32 | 61.32 | 61.32 | 61.32 | 61.32 |
| CHUX | 4% | | M | 126.07 | 126.07 | 126.07 | 126.07 | 126.07 | 126.07 | 126.07 | 126.07 |
| YMCA | 4% | | M | 474.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 288.00 |
| Home Care | 4% | | M | 76,650.00 | 76,650.00 | 76,650.00 | 76,650.00 | 84,315.00 | 84,315.00 | 84,315.00 | 114,975.00 |
| Driver's Evaluation | 4% | | | 350.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 |

Appendix A: Items of Compensation for ▆▆▆▆▆                                                                      Page 3 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-16 | Compensation Years 17-18 |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2019 | 2020 | 2021-2023 | 2024 | 2025-2028 | 2029 | 2030-2034 | 2035-2036 |
| Modified Van | 4% |  |  | 60,000.00 |  |  |  |  | 48,000.00 | 4,800.00 | 4,800.00 |
| Mileage: Primary Care Physician | 4% |  |  | 33.60 | 33.60 | 33.60 | 33.60 | 33.60 | 33.60 | 33.60 | 33.60 |
| Mileage: Neurologist | 4% |  |  | 27.04 | 27.04 | 27.04 | 27.04 | 27.04 | 27.04 | 27.04 | 27.04 |
| Mileage: Urologist | 4% |  |  | 28.16 | 28.16 | 28.16 | 28.16 | 28.16 | 28.16 | 28.16 | 28.16 |
| Mileage: Gastroenterologist | 4% |  |  | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 |
| Mileage: Ophthalmologist | 4% |  |  | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 | 14.08 |
| Mileage: Orthopedic | 4% |  |  | 14.08 | 7.04 | 7.04 | 7.04 | 7.04 | 7.04 | 7.04 | 7.04 |
| Mileage: PM&R | 4% |  |  | 14.08 | 4.69 | 4.69 | 4.69 | 4.69 | 4.69 | 4.69 | 4.69 |
| Mileage: Wound Clinic | 4% |  |  | 27.80 | 27.80 | 27.80 | 27.80 | 27.80 | 27.80 | 27.80 | 27.80 |
| Mileage: Emergency Room | 4% |  |  | 11.08 | 11.08 | 11.08 | 11.08 | 11.08 | 11.08 | 11.08 | 11.08 |
| Mileage: Hospitalization | 4% |  |  | 11.08 | 2.22 | 2.22 | 2.22 | 2.22 | 2.22 | 2.22 | 2.22 |
| Mileage: Physical Therapy | 4% |  |  | 39.84 | 39.84 | 19.92 | 19.92 | 19.92 | 19.92 | 19.92 |  |
| Mileage: Occupational Therapy | 4% |  |  | 6.64 | 6.64 | 6.64 | 6.64 | 6.64 | 6.64 | 6.64 |  |
| Mileage: Massage Therapy | 4% |  |  | 54.24 | 54.24 | 54.24 | 27.12 | 27.12 |  |  |  |
| Mileage: Counselor | 4% |  |  | 84.48 | 16.90 | 16.90 | 16.90 | 16.90 | 16.90 | 16.90 | 16.90 |
| Mileage: Nutritionist | 4% |  |  | 56.32 | 28.16 |  |  |  |  |  |  |
| Mileage: YMCA | 4% |  |  | 510.00 | 510.00 | 510.00 | 510.00 | 510.00 | 510.00 | 510.00 | 510.00 |
| Home Modification | 0% |  |  | 23,000.00 |  |  |  |  |  |  |  |
| Lost Earnings |  |  |  | 452,407.53 |  |  |  |  |  |  |  |
| Pain and Suffering |  |  |  | 250,000.00 |  |  |  |  |  |  |  |
| Past Unreimbursable Expenses |  |  |  | 14,935.79 |  |  |  |  |  |  |  |
| Annual Totals |  |  |  | 902,401.49 | 98,237.22 | 98,189.14 | 98,756.02 | 105,182.02 | 155,352.90 | 109,807.80 | 133,817.94 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($185,058.17), lost earnings ($452,407.53), pain and suffering ($250,000.00), and past unreimbursable expenses ($14,935.79): $902,401.49.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 19 | Compensation Years 20-26 | Compensation Year 27 | Compensation Years 28-Life |
|---|---|---|---|---|---|---|---|
|  |  |  |  | 2037 | 2038-2044 | 2045 | 2046-Life |
| BCBS Premium | 5% |  | M |  |  |  |  |
| BCBS Maximum out of Pocket | 5% |  |  |  |  |  |  |
| Medicare Part A Premium | 5% |  | M | 5,244.00 | 5,244.00 | 5,244.00 | 5,244.00 |
| Medicare Part B Premium | 5% |  | M | 1,626.00 | 1,626.00 | 1,626.00 | 1,626.00 |
| Medigap | 5% |  | M | 1,741.44 | 1,741.44 | 1,741.44 | 1,741.44 |
| Medicare Part D | 5% |  | M | 367.02 | 367.02 | 367.02 | 367.02 |
| Primary Care Physician | 5% | * |  |  |  |  |  |
| Neurologist | 5% | * |  |  |  |  |  |
| Urologist | 5% | * |  |  |  |  |  |
| Gastroenterologist | 5% | * |  |  |  |  |  |
| Ophthalmologist | 5% | * |  |  |  |  |  |
| Orthopedic | 5% | * |  |  |  |  |  |
| PM&R | 5% | * |  |  |  |  |  |
| Wound Clinic | 5% | * |  |  |  |  |  |
| Emergency Room | 5% | * |  |  |  |  |  |
| Hospitalization | 5% | * |  |  |  |  |  |
| Lab | 5% | * |  |  |  |  |  |
| Urinalysis | 5% | * |  |  |  |  |  |
| MRI | 5% | * |  |  |  |  |  |
| Renal US | 5% | * |  |  |  |  |  |
| Cystoscopy | 5% | * |  |  |  |  |  |
| X-rays | 5% | * |  |  |  |  |  |
| Coumadin | 5% | * |  |  |  |  |  |
| Vitamin C | 4% |  |  | 11.50 | 11.50 | 11.50 | 11.50 |
| Acetaminophen | 4% |  |  | 19.85 | 19.85 | 19.85 | 19.85 |
| Physical Therapy | 4% | * |  | 300.00 | 300.00 | 300.00 | 300.00 |
| Occupational Therapy | 4% | * |  | 150.00 | 150.00 | 150.00 | 150.00 |
| Massage Therapy | 4% |  |  |  |  |  |  |
| Counselor | 4% | * |  |  |  |  |  |
| Case Manager | 4% |  |  | 375.00 | 375.00 | 375.00 | 375.00 |
| Nutritionist | 4% | * |  |  |  |  |  |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 19 2037 | Compensation Years 20-26 2038-2044 | Compensation Year 27 2045 | Compensation Years 28-Life 2046-Life |
|---|---|---|---|---|---|---|---|
| Bilateral Foot Protectors | 4% | | | 562.00 | 562.00 | 562.00 | 562.00 |
| Hand Bicycle | 4% | | | 16.66 | 16.66 | 16.66 | 16.66 |
| Weights | 4% | | | 21.00 | 21.00 | 21.00 | 21.00 |
| Emergency Response System | 4% | | M | 419.40 | 419.40 | 419.40 | 419.40 |
| Electric Wheelchair | 4% | * | | | | | |
| Roho Cushion | 4% | * | | 369.00 | 61.50 | 61.50 | 61.50 |
| Standard Wheelchair | 4% | * | | 239.00 | 39.83 | 39.83 | 39.83 |
| Transfer Board | 4% | * | | 70.00 | 11.67 | 11.67 | 11.67 |
| Bedside Commode | 4% | * | | 185.00 | 30.83 | 30.83 | 30.83 |
| Shower Chair | 4% | * | | 995.00 | 165.83 | 165.83 | 165.83 |
| Electric Bed | 4% | * | | | | | |
| Air Mattress | 4% | * | | | | | |
| Standing Trapeze | 4% | | | 122.90 | 122.90 | 122.90 | 122.90 |
| Portable Ramp | 4% | | | 31.33 | 31.33 | 31.33 | 31.33 |
| Reacher | 4% | | | 3.80 | 3.80 | 3.80 | 3.80 |
| Over the Bed Table | 4% | | | 39.17 | 39.17 | 39.17 | 39.17 |
| Catheter Supplies | 4% | * | | | | | |
| Colostomy Supples | 4% | * | | | | | |
| Depends | 4% | | M | 593.13 | 593.13 | 593.13 | 593.13 |
| Cornstarch | 4% | | M | 48.84 | 48.84 | 48.84 | 48.84 |
| Gloves | 4% | | M | 140.53 | 140.53 | 140.53 | 140.53 |
| Surgi-lube | 4% | | M | 208.00 | 208.00 | 208.00 | 208.00 |
| Wipes | 4% | | M | 121.12 | 121.12 | 121.12 | 121.12 |
| Tape | 4% | | M | 214.77 | 214.77 | 214.77 | 214.77 |
| Betadine Swabs | 4% | | M | 423.40 | 423.40 | 423.40 | 423.40 |
| Wound Care Supplies | 4% | * | | | | | |
| Trash Bags | 4% | | M | 61.32 | 61.32 | 61.32 | 61.32 |
| CHUX | 4% | | M | 126.07 | 126.07 | 126.07 | 126.07 |
| YMCA | 4% | | M | 288.00 | 288.00 | 288.00 | |
| Home Care | 4% | | M | 114,975.00 | 114,975.00 | 114,975.00 | 114,975.00 |
| Driver's Evaluation | 4% | | | 70.00 | 70.00 | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 19 | Compensation Years 20-26 | Compensation Year 27 | Compensation Years 28-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2037 | 2038-2044 | 2045 | 2046-Life |
| Modified Van | 4% | | | 4,800.00 | 4,800.00 | 4,800.00 | 4,800.00 |
| Mileage: Primary Care Physician | 4% | | | 33.60 | 33.60 | 33.60 | 33.60 |
| Mileage: Neurologist | 4% | | | 27.04 | 27.04 | 27.04 | 27.04 |
| Mileage: Urologist | 4% | | | 28.16 | 28.16 | 28.16 | 28.16 |
| Mileage: Gastroenterologist | 4% | | | 14.08 | 14.08 | 14.08 | 14.08 |
| Mileage: Ophthalmologist | 4% | | | 14.08 | 14.08 | 14.08 | 14.08 |
| Mileage: Orthopedic | 4% | | | 7.04 | 7.04 | 7.04 | 7.04 |
| Mileage: PM&R | 4% | | | 4.69 | 4.69 | 4.69 | 4.69 |
| Mileage: Wound Clinic | 4% | | | 27.80 | 27.80 | 27.80 | 27.80 |
| Mileage: Emergency Room | 4% | | | 11.08 | 11.08 | 11.08 | 11.08 |
| Mileage: Hospitalization | 4% | | | 2.22 | 2.22 | 2.22 | 2.22 |
| Mileage: Physical Therapy | 4% | | | | | | |
| Mileage: Occupational Therapy | 4% | | | | | | |
| Mileage: Massage Therapy | 4% | | | | | | |
| Mileage: Counselor | 4% | | | 16.90 | 16.90 | 16.90 | 16.90 |
| Mileage: Nutritionist | 4% | | | | | | |
| Mileage: YMCA | 4% | | | 510.00 | 510.00 | 510.00 | 510.00 |
| Home Modification | 0% | | | | | | |
| Lost Earnings | | | | | | | |
| Pain and Suffering | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | |
| Annual Totals | | | | 135,675.94 | 134,127.60 | 134,057.60 | 133,769.60 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($185,058.17), lost earnings ($452,407.53), pain and suffering ($250,000.00), and past unreimbursable expenses ($14,935.79): $902,401.49.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.